NICK B. WEBER vs. PARKER C. McCLURE.

October 28, 1890.

A request to charge held properly refused because not justified by the evidence.

Action brought in the district court of Stearns county to recover $117.35 for cutting, making, and stacking 203.52 tons of hay, under a contract at an agreed price per ton, $169.38 having been paid. The contract and price per ton were admitted, and the only issues were upon the quantity, which was alleged by defendant to be but 121.80 tons, and upon an accounting and settlement made after the work was done, at which the quantities were found and agreed on and a balance of $119.38 agreed on and paid. This payment was admitted by plaintiff as part of the payment of $169.38, but he denied the accounting and settlement. At the trial before Searle, J., there was evidence that after the work was completed the plaintiff called on defendant for payment, and the latter sent one of his employes, named Gregory, to measure the ricks with plaintiff. This was done and the measurements were reported by Gregory to defendant, who computed the quantities and amount, and thereupon paid plaintiff the $119.38 which was the balance due on this computation. There was a conflict of testimony as to whether plaintiff agreed to Gregory's report and defendant's computation, the plaintiff testifying that he insisted that the quantity of hay was greater than reported,

and that defendant then told him to get another man and have a new measurement made. The defendant testified that plaintiff merely said, he thought there must be more hay, and that defendant said if he had made any mistake "in figuring," he would correct it. Plaintiff had a remeasurement made, which showed the quantities stated in the complaint. Upon the first measurement the notes of the dimensions of the different ricks were made by Gregory, the plaintiff being unable to read, write, or make computations. The defendant requested an instruction that the parties were bound by Gregory's measurement unless it was subsequently waived by both parties, which was refused, and the defendant excepted. The court instructed the jury, among other things, that the burden was on defendant to prove the agreement to accept Gregory's measurement, and the accounting and settlement pleaded in the answer, and plaintiff's acceptance of the $119.38 as payment in full of the balance due him; that if an accounting and settlement were had and a balance found due, agreed to, paid, and accepted in full satisfaction, this would bind both parties, but to have this result the parties must both agree to the settlement as a final settlement of the matter; and further "that the figuring up of an account and the payment of the balance, when both parties are present, is a settlement of an open account unless one or other of the parties disclaim it as such settlement or do something equivalent to that at the time; and that merely making the remark that he thought there was more hay would not necessarily preclude the idea of a settlement." The plaintiff had a verdict for the full amount claimed by him, and the defendant appeals from an order refusing a new trial.

*Taylor, Calhoun & Rhodes,* for appellant.

*Theo. Bruener,* for respondent.

MITCHELL, J. Defendant's first request was properly refused, for the reason that there was no evidence, at least no conclusive evidence, that the parties ever agreed to submit the determination of the amount of hay cut by plaintiff to Gregory, and the evidence was clear, even on defendant's own testimony, that there never was any final settlement or accord and satisfaction on the basis of Gregory's measurement, but, on the contrary, that the matter was left open for the future correction of any mistakes. As to what will constitute a

final and binding settlement between parties, the charge of the court was full and correct, and the case was submitted to the jury in a manner more favorable to the defendant than he was entitled to un-. der the evidence.

Order affirmed.